NUNC PRO TUNC DECISION
{¶ 1} Appellant, Jerry Hoy, appeals from a judgment of the Franklin County Municipal Court finding him guilty of failing to stop after an accident and sets forth the following assignment of error:
 {¶ 2} "The Trial Court erred to the prejudice of Defendant-Appellant in convicting him of a violation of O.R.C. §4549.021 against the manifest weight of the evidence."
 {¶ 3} Late in the afternoon on July 22, 2002, Stacey Robertson and Jennifer Schreiber were stopped in a line of cars waiting to exit an Ohio State University parking garage located on West 12th Avenue. Appellant started to back out of his parking spot and struck the passenger door of Robertson's vehicle. Schreiber got out of the car and asked people in the car behind them if they saw an accident, while Robertson wrote down the license plate number of appellant's car. Meanwhile, appellant maneuvered his car around Robertson, pulled out of the garage, parked at the curb, and waited for Robertson. Appellant testified he left the garage because it was dark and he could not see the damage to Robertson's car.
 {¶ 4} Robertson, Schreiber and appellant looked at the damage, which appellant characterized as a minor fender bender. Schreiber, on the other hand, characterized it as a significant dent. Robertson testified that she asked for appellant's name, but her request was ignored, that appellant failed to provide his driver's license, did not give insurance information and that she had previously written down his license plate number. Schreiber stated appellant would not give his name but, as he was wearing an Ohio State University employee name badge, Robertson got the information from it. Robertson and Schreiber testified that, after a short conversation, appellant drove away.
 {¶ 5} After appellant left, Robertson called the Ohio State University Police. Eric Winger, an officer with the Ohio State University Police, responded to Robertson's call and noticed a dent on the front passenger door. Officer Winger was provided with a paper containing appellant's name and license plate number. Officer Winger contacted the Columbus Division of Police and Robertson testified an accident report was completed. Officer Winger determined appellant's place of employment and contacted appellant the next day and issued a citation for a violation of R.C. 4549.021. Officer Winger testified that appellant admitted to the accident and stated he had left his name, phone number and contacted his insurance company. Appellant again told Officer Winger that he did not think he needed to stay or file a report because the accident occurred on private property.
 {¶ 6} Testifying on his behalf, appellant admitted backing out of the parking space and hitting Robertson's car. Appellant further testified he was wearing an Ohio State University employee badge with his name and employment location, and that he told Robertson he worked in the medical lab on the third floor. Appellant testified he told Robertson he would contact his insurance company and then left. Because the accident occurred on private property, appellant did not think he had to file a police report.
 {¶ 7} Appellant signed a written waiver of his right to a jury trial and proceeded to a trial by the court, representing himself during the course of the trial. The court found him guilty and imposed a $250 fine and a one-year suspended sentence. The court did not order restitution because payment had been made for all the damages.
 {¶ 8} In appellant's sole assignment of error, he argues that the finding of guilty is against the manifest weight of the evidence. In State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387, 389, the Ohio Supreme Court defined manifest weight of the evidence and set forth the role of an appellate court in reviewing a verdict to determine whether the verdict is supported by the manifest weight of the evidence as follows:
 {¶ 9} "* * * The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.
 {¶ 10} "With respect to sufficiency of the evidence, ' "sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * *
 {¶ 11} "* * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's [Law Dictionary (6th Ed. 1990)], at 1594.
 {¶ 12} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `"thirteenth juror" ' and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs [v. Florida (1982), 457 U.S. 31], 42, 102 S.Ct. at 2218,72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')."
 {¶ 13} R.C. 4549.021 provides, in part:
 {¶ 14} "In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall stop, and, upon request of the person injured or damaged, or any other person, shall give such person his name and address, and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, and, if available, exhibit his driver's or commercial driver's license.
 {¶ 15} "If the owner or person in charge of such damaged property is not furnished such information, the driver of the motor vehicle involved in the accident or collision shall within twenty-four hours after such accident or collision, forward to the police department of the city or village in which such accident or collision occurred or if it occurred outside the corporate limits of a city or village to the sheriff of the county in which such accident or collision occurred the same information required to be given to the owner or person in control of such damaged property and give the date, time, and location of the accident or collision."
 {¶ 16} Compliance with R.C. 4549.021 may be made in two ways. Following an accident, the person driving the vehicle causing the accident shall: (1) stop; (2) if requested, give his name and address, or the name and address of the vehicle owner, and the registration number of the vehicle; and (3) show a driver's license if available. In the alternative, the person driving the vehicle causing the accident may report the same information to the police department in the city or village where the accident occurred, or, if the accident occurred outside the corporate limits, to the sheriff within 24 hours of the accident.
 {¶ 17} Upon a review of the evidence, we find the state failed to prove beyond a reasonable doubt appellant was guilty of violating R.C.4549.021. There is no dispute that appellant stopped after the accident. Robertson was provided with appellant's name, employment address and the registration number of the car. While admittedly appellant could and should have responded differently, nonetheless, the statute does not require the driver to actually speak or write a name or address, or that the address provided be a residence address. Here, appellant was wearing an employment name badge, which he made no attempt to hide, and told Robertson where he worked. Robertson had written down the registration number of the car in the parking garage. Robertson testified appellant never showed her his driver's license, however, she also testified she never asked for it. While Schreiber testified Robertson asked for the driver's license, she did not testify as to whether appellant produced it or whether it was available. Contrary to a series of questions asked by the prosecutor and comments by the trial court, R.C. 4549.021 does not require any information pertaining to insurance to be provided.
 {¶ 18} Likewise, the state failed to prove beyond a reasonable doubt appellant failed to comply with R.C. 4549.021 by not reporting the accident to the Columbus Police within 24 hours. This is not an affirmative defense, but an alternative method of compliance with the statute and the failure to comply is an element of the offense. State v. Ginn (1982), Montgomery App. No. 7879. While appellant admitted he did not intend to file a police report because he did not think one was required for an accident on private property, there is no evidence in the record to show he did not do so particularly after his conversation with, and citation by, Officer Winger. Further, there is evidence in the record that the Columbus Police were called by the Ohio State University Police and were provided with the accident information.
 {¶ 19} For the foregoing reasons, appellant's assignment of error is sustained, and the judgment of the Franklin County Municipal Court is reversed.
Judgment reversed.
TYACK and KLATT, JJ., concur.